IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SHARIF MOZAAR MUSTAFA EL-BEY, (aka Alton Cannon), | ) ) ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | Civil Action No. 10-782-GMS |
| ATTORNEY GENERAL OF THE STATE OF DELAWARE, | ) ) ) ) | |
| Respondents. | ) | |

**MEMORANDUM**

**I. BACKGROUND**

Pending before the court is Sharif Mozaar Mustafa El-Bey's ("Cannon") petition and amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("petition"). (D.I. 1; D.I. 9) The original petition asserts fourteen "grounds" for relief, and the amended petition (also described as a counterclaim) appears to reassert the same claims as well as summarize the aforementioned claims into one ground. All of the grounds asserted in the petition (both original and amended) appear to stem from Cannon's plea of guilty to possession of an open container of alcohol on March 8, 2010 in the Delaware Court of Common Pleas (Ct. of Common Pleas Case No. 0909008893); he was ordered to pay a fine of $291.00 to the Court of Common Pleas, and the first payment was due on April 8, 2010. (D.I. 9 at 7); *see also State v. El Bey*, Civ. Act. No. 10-286-GMS, D.I. 6 at 1 (D. Del. 2010). Cannon appealed that sentence to the Delaware Superior Court, raising four issues; the Superior Court summarily dismissed three issues and ordered him to brief the remaining issue. *See State v. El Bey*, Civ. Act. No. 10-286-GMS, D.I. 6 at 1-2 (D. Del. 2010). The Superior Court also ordered Cannon to pay a twenty-five dollar filing

fee and advised that he was responsible for paying the costs of transcripts. *Id.* at 2.

In a letter dated September 9, 2010, Cannon states that he was arrested on August 15, 2010 for drinking from an open container, and that he was being incarcerated indefinitely. He asserts that he still has not received a court date. (D.I. 3)

In a letter dated October 28, 2010, Cannon asserts that he was released from prison on September 17, 2010, only to be "falsely arrested" again on October 7, 2010 due to his failure to verify his address as a sex offender. (D.I. 5)

## II. STANDARD OF REVIEW

A district court judge may summarily dismiss a habeas application "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, 28 U.S.C. foll. § 2254. A petitioner is not entitled to federal habeas relief unless he has exhausted state remedies for his habeas claims. 28 U.S.C. § 2254(b)(1)(A). A petitioner satisfies the exhaustion requirement by "fairly presenting" the substance of the federal habeas claims to the state's highest court, either on direct appeal or in a post-conviction proceeding, and in a procedural manner permitting the state courts to consider them on the merits. *See Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Castille v. Peoples*, 489 U.S. 346, 351 (1989); *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997).

## III. DISCUSSION

The original petition asserts the following fourteen grounds for relief: (1) the court lacked jurisdiction to imprison and sue Cannon for refusing to pay a civil contempt fine; (2) the court lacked standing under the Federal Sentencing Commission to impose a fine or imprison Cannon for failing to pay a civil contempt fine; (3) the court lacked the ability to sue/imprison Cannon

under the "justiciability doctrine"; (4) the court lacked judicial authority to bring a cause of action against Cannon because the plaintiff is an "artificial person"; (5) "Moorish Americans" are not governed under the same laws as blacks and other slaves; (6) Cannon did not violate Delaware's penal code by consuming alcohol from an open container on a city street and a fine cannot be converted/substituted for bail; (7) Cannon is serving an indefinite sentence of incarceration for civil contempt; (8) the police unlawfully arrested Cannon because there was no probable cause to support the capias to arrest him; (9) Cannon is being falsely imprisoned for failing to pay a fine; (10) respondents did not possess a compelling governmental interest to imprison Cannon for consumption of alcohol on a city street; (11) Cannon did not commit a crime against the State, society, property or a natural person by consuming alcohol on a city street and he is protected by the doctrine of sovereign immunity; (12) respondents returned Cannon to a condition of servitude by placing him in jail for civil contempt; (13) Cannon has not been presented with any sentence order or any paperwork from the court indicating that he is to be detained in prison until he pays the fine; and (14) the state court illegally ordered Cannon to pay a $311 fine into the victim's compensation fund because there is no victim. The amended petition, or counterclaim, essentially reasserts the majority of the aforementioned claims and states that Cannon is collaterally attacking his conviction and sentence at the court below to enable this court to obtain personal and subject matter jurisdiction over this proceeding. (D.I. 9 at 1).

According to the original petition, dated September 6, 2010, Cannon "appealed" the sentence to the Delaware Superior Court, but was refused "access" due to his failure to pay the transcript fee. Yet, the petition also states that the result of this action, as well as the date of the

result, is "unknown," and that Cannon did not seek further review of this decision by a higher state court. (D.I. 1 at 2 ¶ 9(c) & (e)). As for state court actions other than a direct appeal, the petition indicates that Cannon filed a motion to stay in the Delaware Court of Common Pleas, but that the state court "failed to rule on said motion." *Id.* at ¶ 11(d). The petition does not indicate if that motion is still pending before the Court of Common Pleas, and also does not mention any other collateral proceedings.

On February 15, 2011, Cannon filed an "amendment", or "counter claim." (D.I. 9) In this "amendment," Cannon states that he "moves to revive this complaint under Article III by collaterally attacking his conviction and sentence at the court below . . . to hold plaintiff monetarily liable for an injury in fact under Article III."[1] (D.I. 9 at 1-2) The amendment states that Cannon opposes "criminal and civil forfeiture proceeding(s) and sanction(s) being habitually brought against [him] for the same matter deriving from an order to pay a fine [] that originated from a court order and sentence to pay a fine dated March 8, 2010 and March 17, 2010." *Id.* at 6-7.

Since 1999, Cannon has filed a total of twenty-four various actions in this district court, including those under various pseudonyms. Despite this lengthy history, the court is still unable to completely decipher Cannon's rambling and often incomprehensible filings. Even after viewing the assertions in his petition and amendment with a liberal eye, the court must conclude that Cannon has failed to exhaust state remedies for his "claims." First, because there is no indication that the Superior Court has rendered a decision in Cannon's appeal of his March 2010

---

[1] To the extent Cannon seeks monetary damages, such relief is not available on federal habeas review.

sentence (Court of Common Pleas Case No. 0909008893), there is the possibility that his appeal is still pending. Second, even if the Superior Court has, in fact, issued a decision, it does not appear that Cannon has further appealed that decision to the Delaware Supreme Court. And finally, Cannon has not indicated if he has pursued any other state collateral review from the March 2010 sentence. Indeed, his statement that he is "collaterally attacking his conviction and sentence at the court below" suggests that he is still be pursuing post-conviction relief in the Delaware State Courts. (D.I. 9 at 1)

Additionally, to the extent Cannon asserts individual claims regarding the August 2010 and October 2010 incidents and ensuing periods of incarceration, there is no indication in the petition and amendment that he has exhausted state remedies for these claims.[2] 28 U.S.C. § 2254(b)(1)(A). Accordingly, the court will dismiss the petition without prejudice for failure to satisfy the exhaustion requirement.[3] 28 U.S.C. § 2254(b)(1)(A).

## IV. CONCLUSION

For the aforementioned reason, the court will dismiss without prejudice Cannon's § 2254 petition. The court will also decline to issue a certificate of appealability because Cannon has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. §

---

[2]For instance, to the extent Cannon challenges his "false arrest" in October 2010 for failure to verify his address as a sex offender (D.I. 5), the Delaware Superior Court Scheduling Order filed as an exhibit in another Cannon case pending in this court indicates that the trial for that offense was scheduled to begin on February 17, 2011. *See State v. Cannon*, Civ. Act. No. 10-286-GMS, D.I. 2 at 22 (D. Del. 2010).

[3]Habeas applications filed pursuant to 28 U.S.C. § 2254 must be filed within a one-year limitations period. Cannon is responsible for determining the events that trigger and toll the limitations period.

2253(c)(2); 3d Cir. L.A.R. 22.2 (2008); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997). A separate order will be entered.

June 20, 2011  
DATE

CHIEF, UNITED STATES DISTRICT JUDGE